# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JON L. CRULL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:13-CV-2514-NAB ) |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

The following opinion is intended to be the opinion of the Court judicially reviewing the denial of Jon Crull's ("Crull") application for disability insurance benefits under the Social Security Act. The Court has jurisdiction over the subject matter of this action under 42 U.S.C. § 405(g). The parties have consented to the exercise of authority by the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). [Doc. 8.] The Court has reviewed the parties' briefs and the entire administrative record, including the hearing transcript and the medical evidence. The Court has now heard oral argument on the pleadings of the parties and the Court now issues its ruling in this opinion. Based on the following, the Court will reverse and remand the Commissioner's denial of benefits.

I. **Issues for Review**

Crull asserts that the administrative law judge's ("ALJ") residual functional capacity ("RFC") determination was not supported by substantial evidence, because the ALJ did not include limitations regarding Crull's limited range of motion in his spine and erroneous findings about Crull's work activity, review of opinion evidence, and stability of his condition.

## II. Standard of Review

This Court reviews decisions of the ALJ to determine whether the decision is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002). *See also Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Therefore, even if a court finds that there is a preponderance of the evidence against the ALJ's decision, the ALJ's decision must be affirmed if it is supported by substantial evidence. *Clark v. Heckler*, 733 F.2d 65, 68 (8th Cir. 1984). To determine whether the Commissioner's final decision is supported by substantial evidence, the Court is required to review the administrative record as a whole and to consider:

(1) The findings of credibility made by the ALJ;

(2) The education, background, work history, and age of the claimant;

(3) The medical evidence given by the claimant's treating physicians;

(4) The subjective complaints of pain and description of the claimant's physical activity and impairment;

(5) The corroboration by third parties of the claimant's physical impairment;

(6) The testimony of vocational experts based upon proper hypothetical questions which fairly set forth the claimant's physical impairment; and

(7) The testimony of consulting physicians.

*Brand v. Sec'y of Dept. of Health, Educ. & Welfare*, 623 F.2d 523, 527 (8th Cir. 1980).

## III. Discussion

Crull contends that the ALJ's RFC determination is not supported by substantial evidence in the record as a whole. The RFC is defined as what the claimant can do despite his or her limitations, and includes an assessment of physical abilities and mental impairments. 20 C.F.R.

§ 404.1545(a). The RFC is a function-by-function assessment of an individual's ability to do work related activities on a regular and continuing basis.[1] SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). It is the ALJ's responsibility to determine the claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and the claimant's own descriptions of his limitations. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). RFC is a medical question. *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). An RFC determination made by an ALJ will be upheld if it is supported by substantial evidence in the record. *See Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006). In making a disability determination, the ALJ shall "always consider the medical opinions in the case record together with the rest of the relevant evidence in the record." 20 C.F.R. § 404.1527(b); *see also Heino v. Astrue*, 578 F.3d 873, 879 (8th Cir. 2009). "A disability claimant has the burden to establish [his] RFC." *Eichelberger*, 390 F.3d at 591 (citing *Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir. 2004)).

The ALJ found that Crull had the severe impairments of degenerative disc disease and arthritis. (Tr. 13.) The ALJ determined that Crull had the RFC to perform medium work[2] with the following limitations: (1) occasionally climb ramps and stairs; (2) never climb ladders, ropes, or scaffolds; (3) avoid concentrated exposure to vibration and hazards, such as dangerous machinery and unprotected heights; (4) limited to frequent fingering and handling. (Tr. 14.)

Based upon the Court's review of the record as a whole, the Court finds that substantial evidence does not support the ALJ's decision. First, the Court finds that the ALJ's RFC determination is inconsistent with the objective medical evidence in the record. The objective

---

[1] A "regular and continuing basis" means 8 hours a day, for 5 days a week, or an equivalent work schedule. SSR 96-8p, 1996 WL 374184, at *1.
[2] Medium work "involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, [he or she] can also do sedentary and light work. 20 C.F.R. § 404.1567(c).

medical evidence demonstrates that Crull's back problems have worsened since the alleged onset date of disability in 2008. (Tr. 333-334, 338-339, 355, 342-343, 357, 378-379.) MRIs that were conducted in 2010 and 2012 show a significant worsening of his condition compared with previous MRI studies. (Tr. 357, 378-379.)

Second, a review of the evidence in the record as a whole demonstrates Crull has a more restrictive RFC than found by the ALJ. As an initial matter, medium work requires lifting up to 50 pounds and "the considerable lifting required for the full range of medium work usually requires frequent bending-stooping." SSR 83-10, 1983 WL 31251 at *6. "Stooping is a type of bending in which a person bends his or her body downward and forward by bending the spine at the waist." *Id.* Flexibility at the knees and torso is important for this activity." *Id.* Consultative examiner Dr. Enkvetchakul found that Crull's active range of motion of the lumbar spine was very limited as he can only flex forward at the waist about 30 degrees before stopping and saying he is in too much pain. (Tr. 364.) Consultative examiner Dr. Garth Russell found that Crull had 30 degrees of forward flexion in the lumbar area with 10 degrees of deviation. (Tr. 411.) Dr. Russell further opined that Crull could never stoop or kneel as part of work-related activities. (Tr. 400.) There is no evidence contradicting this limitation. The ALJ failed to include this limitation in the RFC determination.

Further, the consultative examinations provided by Dr. John D. Spears and Dr. Russell, the treatment notes of Dr. William B. Rogers and Dr. Tawnyia Jerome, and the MRI and x-ray findings in the record indicate more substantial limitations than indicated in the RFC determination. "[T]he ALJ is not qualified to give a medical opinion but may rely on medical evidence in the record." *Wilcockson v. Astrue*, 540 F.3d 878, 881 (8th Cir. 2008). The ALJ "is not required to rely entirely on a particular physician's opinion or choose between the opinions

4

of any of the claimant's physicians. *Martise v. Astrue*, 641 F.3d 909, 927 (8th Cir. 2011). The RFC determination is based on all of the evidence in the medical record, not any particular doctor's treatment notes or medical opinion. *Pearsall*, 274 F.3d at 1217.

All medical opinions, whether by treating or consultative examiners are weighed based on (1) whether the provider examined the claimant; (2) whether the provider is a treating source; (3) length of treatment relationship and frequency of examination, including nature and extent of the treatment relationship; (4) supportability of opinion with medical signs, laboratory findings, and explanation; (5) consistency with the record as a whole; (6) specialization; and (7) other factors which tend to support or contradict the opinion. 20 C.F.R. § 404.1527(c). In this case, two examining doctors, Dr. Spears and Dr. Russell, reviewed Crull's previous medical records regarding his back pain, examined Crull, and provided detailed evaluations of his back problems. (Tr. 375-376, 399-401, 403-405, 407-417.) These evaluations were consistent with the treatment records of his treating physicians, Dr. Rodgers and Dr. Jerome and the other objective medical evidence in the record. The Court also finds that little weight, rather than partial weight, should have been given to consultative examiner Dr. Bobby Enkvetchakul's opinion, because he indicates that he only had a sparse medical record that did not refer to Crull's back and he was unable to "find any specific pathology that would explain [Crull's] ongoing pain complaints." (Tr. 364.) Therefore, Dr. Enkvetchakul's opinion regarding Crull's physical ability to perform work related activities is inconsistent with the other evidence in the record as a whole.

Third, the ALJ improperly discounted Crull's subjective complaints based on his activities of daily living, which affected the RFC determination in this case. In considering subjective complaints, the ALJ must fully consider all of the evidence presented, including the

5

claimant's prior work record, and observations by third parties and treating examining physicians relating to such matters as:

> (1) The claimant's daily activities;
>
> (2) The subjective evidence of the duration, frequency, and intensity of the claimant's pain;
>
> (3) Any precipitating or aggravating factors;
>
> (4) The dosage, effectiveness, and side effects of any medication; and
>
> (5) The claimant's functional restrictions.

*Polaski v. Heckler*, 725 F.2d 1320, 1322 (8th Cir. 1984). It is not enough that the record contains inconsistencies; the ALJ is required to specifically express that he or she considered all of the evidence. *Id.* "Although an ALJ may not discredit a claimant's subjective pain allegations solely because they are not fully supported by objective medical evidence, an ALJ is entitled to make a factual determination that a claimant's subjective pain complaints are not credible in light of objective medical evidence to the contrary." *Gonzales v. Barnhart*, 465 F.3d 890, 895 (8th Cir. 2006).

The ALJ substantially relied upon Crull's activities of daily living to find a less restrictive RFC than indicated by the other objective evidence in the medical record. The ALJ found that Crull's work activity as a farmer, ability to meet personal care and grooming needs, and ability to perform routine housekeeping chores indicate that his impairments are not as serious or limiting as he claims. (Tr. 16-17.) The Eighth Circuit has repeatedly held that "a person's ability to engage in personal activities such as cooking, cleaning, and hobbies does not constitute substantial evidence that he or she has the functional capacity to engage in substantial gainful activity." *Kelley v. Callahan*, 133 F.3d 583, 588-89 (8th Cir. 1998). In his Adult Function report dated October 2011, Crull stated that he was unable to do outdoor activities, *e.g.* hunting and

fishing, as much as he desired, only 4 times per year. (Tr. 266.) At the administrative hearing in May 2013, Crull testified that because of his impairments he can no longer take out his boat or hunt. (Tr. 38-39.) Next, Crull's visits to his elderly parents every day and performance of minor chores on their farm also does not indicate that he would be able to perform the RFC that the ALJ found in this case.

## IV. Conclusion

Based on the foregoing, the Court finds that the Commissioner's decision is not supported by substantial evidence on the record as a whole. The Court has the power to "enter, upon the pleadings and transcript of the record, a judgment, affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. 405(g). When a claimant appeals from the Commissioner's denial of benefits and the denial is improper, out of an abundant deference to the ALJ, the Court remands the case for further administrative proceedings. *Buckner v. Apfel*, 213, F.3d 1006, 1011 (8th Cir. 2000). Therefore, the Court will remand for further proceedings. Upon remand, the ALJ must make a new RFC determination consistent with this opinion.

Accordingly,

**IT IS HEREBY ORDERED** that the relief which Crull seeks in his Complaint and Brief in Support of Plaintiff's Complaint is **GRANTED in part and DENIED in part**. [Docs. 1, 15.]

**IT IS FURTHER ORDERED** that the Commissioner's decision of June 5, 2013 is **REVERSED** and **REMANDED**.

**IT IS FURTHER ORDERED** that a Judgment of Reversal and Remand will be filed contemporaneously with this Memorandum and Order remanding this case to the Commissioner of Social Security for further consideration pursuant to 42 U.S.C. § 405(g), sentence 4.

Dated this 8th day of October, 2014.

    /s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE